■ In the Matter of WILLIAM NELSON, Appellant, v THOMAS COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered August 10, 1984 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain disciplinary rules.

At petitioner's request, Special Term granted an order to show cause commencing a CPLR article 78 proceeding seeking annulment of two inmate disciplinary proceedings. In his petition, petitioner also asserted a claim for money damages. Prior to the return date, Special Term, *sua sponte,* dismissed the petition in its entirety upon the ground that it did not contain sufficient factual allegations to entitle petitioner to any relief.

Special Term was well within its authority in dismissing that portion of the petition claiming money damages, a claim

which must be asserted in the Court of Claims *(County of Onondaga v New York State Dept. of Correctional Servs.,* 97 AD2d 957). As is often the case, this inmate's *pro se* petition and supporting documents are repetitive, conclusory and, in many respects, a recitation of immaterial assertions. However, after a painstaking examination, we conclude that although sufficient facts are not alleged in the petition itself, the supporting papers do allege circumstances which, in our opinion, require a further evidentiary examination. If a defective petition is saved by the supporting affidavits, a court should entertain the petition where nothing will be gained by a dismissal or amendment (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C402:1, pp 483-484; *see also, Matter of Reich v Power,* 30 AD2d 925, *affd* 22 NY2d 887; *Sackinger v Nevins,* 114 Misc 2d 454, 460).

It seems that Special Term must make a determination as to the necessity and propriety of prison officials having access to the contents of mail addressed by an inmate to a newspaper *(see, Matter of Milburn v McNiff,* 91 AD2d 1024, *mod on remand* 108 AD2d 860; *see also, Procunier v Martinez,* 416 US 396). An additional factor to be considered is whether the hearing officer acted properly in electronically recording testimony of a witness outside the presence of petitioner and failing to provide him with an opportunity to listen to the same *(see,* 7 NYCRR 254.5 [b]).

The order to show cause does not prescribe the manner of service upon respondents and there was no evidence in the record indicating that respondents were properly and personally served. Consequently, respondents, who have appeared on this appeal, shall be granted 15 days to serve their responsive pleadings.

Judgment reversed, on the law, without costs, matter remitted to Special Term for further proceedings not inconsistent herewith, and respondents are directed to serve their answer within 15 days after service of a copy of the order to be entered upon this decision with notice of entry. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.