■ In the Matter of WILLIAM McKEE, SR., Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services of the State of New York, Respondent. —Levine, J. Appeals (1) from an order of the Supreme Court (Leary, J.), entered February 20, 1987 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules, and (2) from an order of said court, entered September 28, 1987 in Washington County, which denied petitioner's motion for reargument.

Petitioner challenges three disciplinary proceedings held between December 1986 and February 1987 while he was an inmate at Washington Correctional Facility in Washington County. The first disciplinary proceeding involved a Superintendent's (formerly Tier III) hearing decision which found petitioner guilty of refusing to follow a direct order and imposed a sanction of 15 days' keeplock and loss of privileges. The disposition was rendered December 29, 1986 and specified that petitioner was to be released from keeplock and have his privileges restored January 5, *1986.* In the second disciplinary matter, a Tier II proceeding, petitioner was charged with refusing a direct order and being out of place (i.e., being out of keeplock) on January 2, 1987. These charges, however, were subsequently dismissed, apparently due to the error in the disposition of the prior Superintendent's hearing which specified the date for release from keeplock as January 5, 1986. In the third disciplinary proceeding, also a Tier II proceeding, petitioner was found guilty of refusing to obey a direct order and a deferred penalty of 15 days' keeplock was imposed.

After considering the various procedural errors raised by petitioner as grounds for annulment, Supreme Court dismissed petitioner's application and subsequently denied petitioner's motion for reargument. These appeals ensued. On appeal, however, the Attorney-General's contention appears to be correct that Supreme Court's order was ex parte and, thus, not appealable *(see,* CPLR 5701 [a] [2]; *Matter of King v Gregorie,* 90 AD2d 922, *appeal dismissed* 58 NY2d 822). Although the appeal must be dismissed, we shall entertain the instant matter under our authority to review lower court dispositions of applications for ex parte orders *(see,* CPLR 5704 [a]; *Matter of King v Gregorie, supra,* at 923).

Turning to the Superintendent's hearing challenged by petitioner, it appears from the record that this proceeding was commenced prior to the exhaustion of administrative reme-

dies. In any event, we reject petitioner's contention that his hearing was not commenced within seven days as required by the regulations *(see,* 7 NYCRR 251.5.1 [a]). Petitioner does not dispute that he was served with notice of the charges December 21, 1986, and that the hearing was *completed* December 29, 1986. There was thus full compliance with the regulations.

As to the Tier II disciplinary proceedings, the Attorney-General advises that respondent has agreed to expunge all references to these proceedings and to annul the determination rendered February 2, 1987. Inasmuch as there is no indication that respondent has actually carried out the expungement, this matter is not moot *(cf., Matter of Adams v LeFevre,* 135 AD2d 1054; *Matter of Gonzalez v Jones,* 115 AD2d 849). Finally, we reject any claims by petitioner for monetary damages as those claims may be entertained only in the Court of Claims *(see, Matter of Nelson v Coughlin,* 115 AD2d 131). Petitioner's second appeal must also be dismissed as it is from an order denying petitioner's motion to reargue and such orders are not appealable *(see, Harper v Prudential Ins. Co.,* 102 AD2d 863).

Appeals dismissed, without costs.

Application pursuant to CPLR 5704 (a) granted, without costs, order of the Supreme Court entered February 20, 1987 modified, and petition granted to the extent that respondent is directed to expunge all references to petitioner's two Tier II proceedings and annul the determination dated February 2, 1987. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.