■ In the Matter of CARDELL SHAIRD, Petitioner, v DONALD SELSKY, as Director of Special Housing, New York State Department of Correctional Services, Respondent. [702 NYS2d 664] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report dated June 2, 1998 with violating a prison disciplinary rule which requires inmates to comply with and follow guidelines and instructions given by staff regarding urinalysis testing procedures. Upon completion of the tier III hearing on June 16, 1998, petitioner was found guilty of the charge. By way of penalty, he was confined to the special housing unit for nine months, together with a loss of certain privileges and a recommended loss of two years of good time. Petitioner commenced this proceeding to review the determination.

The detailed misbehavior report and the testimony of the correction officer who authored the report regarding his observation of petitioner contaminating his own urine sample with a white substance provides substantial evidence to support the determination of petitioner's guilt (*see, e.g., Matter of Estrada v Goord*, 254 AD2d 668). Petitioner's attempts to

discredit the correction officer were unsuccessful and at best created a question of credibility, which was for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Inasmuch as petitioner's contamination of his urine sample was observed by the correction officer who authored the misbehavior report and testified at the hearing, the absence of urinalysis testing is irrelevant.

Petitioner's procedural arguments are meritless. The hearing was concluded within the 14-day period specified by 7 NYCRR 251-5.1 (b) (*see, Matter of Faison v Senkowski*, 254 AD2d 556). Inasmuch as petitioner was not confined for his own protection, his reliance on the regulation which requires certain action within 72 hours of such confinement (*see,* 7 NYCRR 251-1.6 [b]) is misplaced. We note that the hearing was commenced within the seven-day period required by 7 NYCRR 251-5.1 (a). The alleged failure to comply with urinalysis testing procedures is irrelevant in the absence of any reliance on test results in determining petitioner's guilt.

There is no evidence of Hearing Officer bias or that any alleged bias affected the outcome of the hearing (*see, Matter of Washington v Goord*, 245 AD2d 914). Inasmuch as petitioner was afforded the full panoply of inmate due process rights (*see, Wolff v McDonald*, 418 US 539), we reject petitioner's claim that he was deprived of his right to due process by the imposition of the penalty, which is not so disproportionate in light of all the circumstances as to shock one's sense of fairness (*see, Matter of Spencer v Goord*, 245 AD2d 827, 828, *lv denied* 91 NY2d 811).

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.