■ In the Matter of RAFAEL PEREZ, Petitioner, v GLENN GOORD, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [711 NYS2d 217] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule. Petitioner, an inmate, was served with a misbehavior report charging him with violating the prison disciplinary rule that prohibits inmates from using controlled substances. According to the misbehavior report, the charge stemmed from the fact that two urinalysis tests performed on petitioner's urine sample yielded positive results for the presence of opiates. Petitioner was found guilty as charged following a disciplinary hearing and the determination of guilt was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

To the extent that petitioner raises an issue of substantial

evidence, petitioner's admission that he used illegal drugs and knew his urine sample would test positive, together with the detailed misbehavior report, the positive results of the urinalysis tests and the testimony of the correction officers who obtained and tested the specimen, constitute substantial evidence to support the charge of drug use (see, Matter of Rodriguez v Goord, 268 AD2d 831; Matter of Moore v Buzzetti, 249 AD2d 721). Although the misbehavior report was not endorsed by the correction officer who performed one of the urinalysis tests, petitioner has failed to demonstrate any prejudice resulting from this omission (see, Matter of West v Costello, 270 AD2d 673; Matter of Green v McGinnis, 262 AD2d 897, 898).

Moreover, contrary to petitioner's contention, the chain of custody for petitioner's urine sample was sufficiently documented and a proper foundation was laid for the Hearing Officer's reliance on the positive test results (see, Matter of Harris v Goord, 268 AD2d 933; Matter of Weatherly v Goord, 268 AD2d 642). Any inconsistency between the log book and the request for urinalysis form regarding when petitioner's urine sample was tested and destroyed was adequately explained at the hearing (see, Matter of Selsky v Goord, 270 AD2d 550).

Finally, the record is devoid of any indication that the Hearing Officer was biased or that the outcome of the hearing flowed from any such bias (see, Matter of Shaird v Selsky, 268 AD2d 721, 721-722). Petitioner's remaining contentions have been considered and rejected as lacking in merit.

Crew III, J. P., Carpinello, Graffeo and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.