■ In the Matter of MELVIN HERRING, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [750 NYS2d 373] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of a controlled substance after his urine twice tested positive for the presence of opiates. Substantial evidence was presented to support the determination in the form of the detailed misbehavior report, the positive urinalysis test results with related documentation and the testimony of the three correction officers who were involved in the collection, storage and testing of petitioner's urine sample (*see Matter of Hernandez v Selsky*, 296 AD2d 677; *Matter of Wilson v Selsky*, 287 AD2d 847). A review of the record confirms that the testing was performed in accordance with the required procedures and that the chain of custody of the tested specimen was unbroken (*see* 7 NYCRR 1020.4 [d], [e]; *see also Matter of Terry v Goord*, 272 AD2d 701).

We find that it was not error for the Hearing Officer to exercise her discretionary power by denying petitioner's request to telephone representatives from the manufacturer of the EMIT urinalysis testing equipment and from the American Association of Bioanalysis in an effort to obtain testimony on proper storage and testing procedures. A hearing officer is under no obligation to call witnesses whose testimony would be irrelevant or redundant and there is no indication in the instant matter that the testimony of the requested witnesses would have been otherwise (*see Matter of Nijman v Goord*, 294 AD2d 737; *Matter of Williams v Goord*, 270 AD2d 744).

We reject petitioner's unsupported assertion that his urinalysis tests yielded false positive results because the testing equipment had been contaminated by previously-tested urine samples. A correction officer, familiar with the facility's laboratory testing program and procedures, testified that the urinalysis machine cleans and decontaminates itself after each test. In further refutation of petitioner's contention, the laboratory's daily log was submitted showing that the test results on the four urine specimens that were analyzed immediately prior to petitioner's were all negative for the presence of controlled substances, belying the assertion that his positive urinalysis test results were caused by cross-contamination. The remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.