■ In the Matter of DEREK PERKINS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [764 NYS2d 362] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 23, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances after his urine twice tested positive for the presence of opiates. Supreme Court dismissed petitioner's subsequent application pursuant to CPLR article 78 challenging the determination. Petitioner appeals.

Because petitioner's application raises an issue of substantial evidence, this proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). In view of our authority to deal with the issue of substantial evidence as having been properly transferred, however, this matter will be given de novo review (*see Matter of Morales v Selsky*, 281 AD2d 658, 658 [2001], *lv denied* 96 NY2d 713 [2001]; *Matter of Barnwell v Goord*, 268 AD2d 725, 725 [2000], *lv denied* 95 NY2d 751 [2000]). Our review of the record herein leads to the conclusion that substantial evidence of petitioner's guilt was presented at his disciplinary hearing in the form of the misbehavior report, the positive results of the two urinalysis tests with their supporting documentation and the hearing testimony given by the correction officer who prepared the misbehavior report after conducting the urinalysis testing procedures (*see Matter of Coppins v Cerio*, 307 AD2d 486, 486 [2003]; *Matter of Gonzalez v Selsky*, 301 AD2d 1019, 1020 [2003]).

We reject the contention that minor clerical errors appearing in the documentation supporting the urinalysis test results indicate a break in the chain of custody of petitioner's urine sample, thereby invalidating the test results. The inadvertent errors referred to by petitioner were sufficiently explained by the reporting correction officer in his hearing testimony (*see Matter of Uttinger v Goord*, 284 AD2d 826, 826 [2001]; *Matter of Springs v Murphy*, 283 AD2d 697, 697 [2001]), refuting any assertion that the collection, handling, storage and testing of petitioner's urine specimen were not conducted in conformance with the requirements articulated in 7 NYCRR 1020.4. Petitioner's remaining contentions, including his assertion of hearing officer bias, have been examined and found to be without merit.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.