In the Matter of JOHN ZIPPO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [768 NYS2d 406]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from the unauthorized use of controlled substances after his urine twice tested positive for the presence of cannabinoids and opiates. The determination of guilt was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding, contending that a chain of custody defect requires annulment of the administrative determination. We disagree.

In order to establish a break in the chain of custody, a "petitioner must point to evidence adduced at the hearing indicating that the specimen could have been confused with similar samples or that there was no evidence to substantiate the chain of custody" (*Matter of Price v Coughlin*, 116 AD2d 898, 899 [1986] [citation omitted]; *see Matter of Frazier v Goord*, 251 AD2d 800, 801 [1998], *lv denied* 92 NY2d 813 [1998]). Petitioner has failed to do so here. The information contained in the request for urinalysis forms sufficiently established the chain of custody and, further, any discrepancy between those forms and the log book as to the identity of the correction officer who placed petitioner's urine sample in the refrigerator was satisfactorily explained by the reporting correction officer at the hearing (*see Matter of Perkins v Goord*, 308 AD2d 617 [2003]; *Matter of Perez v Goord*, 274 AD2d 706, 707 [2000]). Inasmuch as the inmate misbehavior report, the positive results of the two urinalysis tests and the testimony of the correction officer who performed the tests constitute substantial evidence supporting the charge of drug use (*see Matter of Montalbo v Selsky*, 301 AD2d 933, 933 [2003]; *Matter of Uttinger v Goord*, 284 AD2d 826, 826 [2001]), we decline to disturb the determination.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.