In the Matter of NATHANIEL JACKSON, Appellant, v JOSEPH SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [775 NYS2d 611]—

Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered June 2, 2003 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule, and (2) from an order of said court, entered September 18, 2003 in Ulster County, which denied petitioner's motion for reargument.

Petitioner was charged with violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine tested positive for the presence of cannabinoids. He was found guilty of that charge following a tier

III disciplinary hearing. After that determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Supreme Court rejected petitioner's procedural claims and dismissed the petition. The court subsequently denied his motion for reargument. These appeals ensued.*

Initially, we note that petitioner's challenge to the sufficiency of the chain of custody of the urinalysis test results raises a question of substantial evidence (*see e.g. Matter of Zippo v Goord*, 2 AD3d 1006 [2003]; *Matter of Borges v McGinnis*, 307 AD2d 489, 489 [2003], *lv denied* 100 NY2d 514 [2003]). Although Supreme Court did not transfer the proceeding to this Court, this was not error inasmuch as the court noted that petitioner specifically indicated in a January 17, 2003 letter that he was waiving any substantial evidence questions raised in the petition. Nevertheless, were we to consider this claim, we would find it to be without merit. The documentary evidence indicates that petitioner gave a urine specimen at 6:13 P.M. on September 28, 2002 and that it was tested twice that same day by the same testing officer, once at 8:46 P.M. and a second time at 9:07 P.M. Although the testing officer stated that he could not recall if he removed the specimen from the freezer, there is no indication on the urinalysis testing forms that the specimen was ever placed in the freezer as it was tested within one day of the time it was collected (*see* 7 NYCRR 1020.4 [e] [1] [ii]). Therefore, we find that the chain of custody was adequately established (*see Matter of Kae v Selsky*, 279 AD2d 682 [2001]; *Matter of Laureano v Senkowski*, 277 AD2d 613, 613-614 [2000]).

Likewise, petitioner's procedural arguments are unpersuasive. There is no provision in the law or in the pertinent regulations giving an inmate the right to submit the results of polygraph tests or outside DNA laboratory tests in a prison disciplinary hearing. To the extent that the proposed testimony of petitioner's wife and the DNA specialist related to this evidence, such testimony was irrelevant and properly excluded (*see Matter of Madison v Selsky*, 2 AD3d 934 [2003]).

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the appeal from the order is dismissed, without costs.

* Inasmuch as no appeal lies from the denial of a reargument motion, petitioner's appeal from that order must be dismissed (*see Matter of Suarez v Filion*, 281 AD2d 743 [2001]; *Matter of McKee v Coughlin*, 142 AD2d 798 [1988]).