■ In the Matter of PETER GRAZIANO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [779 NYS2d 848]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances after two tests produced positive results for the presence of opiates in his urine. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

As the determination is supported by substantial evidence provided by the misbehavior report, hearing testimony and documentary evidence detailing the chain of custody of the urine sample and the positive test results, it must be confirmed (*see Matter of Perkins v Goord*, 308 AD2d 617, 617 [2003]; *Matter of Martinez v New York State Dept. of Correctional Servs.*, 273 AD2d 663, 663 [2000], *lv denied* 95 NY2d 763 [2000]). We reject petitioner's assertion that an inconsistency in the times noted by the correction officer who obtained petitioner's sample, kept it in his control and subsequently placed it in a freezer for testing constituted a break in the chain of custody sufficient to invalidate the test results. As this obvious inaccuracy was adequately explained by this correction officer at the hearing, it is insufficient to rebut the substantial evidence in the record that the chain of custody remained intact and all testing procedures were properly followed throughout (*see Matter of Frazier v Goord*, 251 AD2d 800, 801 [1998], *lv denied* 92 NY2d 813 [1998]). Petitioner has also failed to meet his burden of

proving that his positive test results were caused by contamination from another inmate's urine, his medications or a failure to properly recalibrate the testing equipment. In this regard, the correction officer who performed both tests explained the procedure he followed and stated that no contamination could have occurred under the circumstances in which petitioner's sample was processed. Medical personnel testified that petitioner's medications could not have induced a false positive.

We are likewise not persuaded by petitioner's argument that he was improperly denied the right to call as witnesses all the inmates who had provided urine samples on the same day and a representative from the company that manufactured the urinalyses testing equipment. Given the ample evidence in the record on these issues and petitioner's failure to provide anything other than pure speculation to explain what these witnesses might add to the proceeding, calling them would have been irrelevant or redundant (*see Matter of Herring v Goord*, 300 AD2d 724, 725 [2002], *lv denied* 99 NY2d 510 [2003]; *Matter of Lorusso v Goord*, 248 AD2d 771, 772 [1998]). Petitioner's remaining arguments, including his claims that the Hearing Officer was biased and improperly denied him certain documents, have been considered and rejected as lacking in merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.