◾ In the Matter of RICHARD VAN DUSEN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [788 NYS2d 625]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of opiates. Initially, petitioner's contention that the misbehavior report was invalid because it was typewritten prior to the urinalysis tests being completed is without merit. The record establishes that the specific information pertaining to

petitioner was handwritten after the tests were performed and the results obtained (*see Matter of Yarbrough v Goord*, 300 AD2d 725, 725-726 [2002]). We are unpersuaded by petitioner's contention that the alleged discrepancies in the time indicated on the request for urinalysis form and the refrigerator log book as to when petitioner's urine sample was placed in the freezer renders the test results unreliable. The request for urinalysis form sufficiently sets forth an unbroken chain of custody (*see Matter of Frazier v Goord*, 251 AD2d 800, 801 [1998], *lv denied* 92 NY2d 813 [1998]). Moreover, even acknowledging that a discrepancy in the times noted exists, petitioner offered no evidence that his urine specimen was tampered with or could have been confused with another sample (*see Matter of Zippo v Goord*, 2 AD3d 1006 [2003]; *Matter of Curry v Coughlin*, 175 AD2d 970, 970-971 [1991]). Similarly unavailing is petitioner's challenge to the calibration rates and reagents used inasmuch as the testimony at the hearing establishes that appropriate urinalysis testing procedures were followed (*see* 7 NYCRR 1020.4 [e]; *Matter of Carbuccia v Goord*, 298 AD2d 801 [2002]). To that end, the misbehavior report, positive results of the urinalysis tests and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Graziano v Selsky*, 9 AD3d 752 [2004]). Petitioner's remaining contentions, including his claims of hearing officer bias and excessive penalty, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.