■ In the Matter of ANGEL FIGUEROA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [788 NYS2d 731]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating the prison disciplinary rule prohibiting inmates from the unauthorized use of controlled substances after two urinalysis tests of a urine sample he submitted revealed the presence of opiates. Following a tier III disciplinary hearing, petitioner was found guilty, and the determination was upheld on administrative appeal. Petitioner now challenges the determination of his guilt through the present CPLR article 78 proceeding.

As the determination is supported by substantial evidence, including the misbehavior report, documentary evidence consistently detailing the chain of custody from the collection of petitioner's urine sample through both positive test results, and hearing testimony by the two correction officers who participated in the testing, we confirm (see Matter of Dunn v Selsky, 7 AD3d 938, 939 [2004]; Matter of Perkins v Goord, 308 AD2d 617, 617 [2003]). Contrary to petitioner's contentions, we find no infirmity in any of the documents with which petitioner was duly provided pursuant to regulation (see 7 NYCRR 1020.4 [e] [1] [iv]; 1020.5 [a]), nor in the records which petitioner was given in the exercise of the Hearing Officer's discretion, which would constitute a break in the chain of custody or would otherwise invalidate the foundational basis for petitioner's guilt (see Matter of Graziano v Selsky, 9 AD3d 752, 752-753 [2004]; Matter of Odome v Goord, 8 AD3d 921, 922 [2004]).

Nor are we persuaded that the testing officers were not properly trained and certified in the urinalysis testing equipment or that petitioner's medications were not properly considered as the potential cause of a false positive, as testimony by these officers, a facility nurse and a SYVA representative sufficiently refuted these claims, thus creating credibility issues for resolution by the Hearing Officer (see Matter of Gonzalez v Selsky, 301 AD2d 1019, 1020 [2003]; Matter of Conway v Commissioner of Dept. of Correctional Servs., 278 AD2d 636, 637 [2000]; Matter of Townes v Keane, 257 AD2d 873, 873-874 [1999]). We have considered petitioner's remaining arguments and found them to be either unpreserved or lacking in merit.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.