■ In the Matter of BERNARD COOPER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [798 NYS2d 797]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner's sole contention is that the chain of custody of his urine sample was not sufficiently established because the correction officer who administered the second test did not make the appropriate notation on the request for urinalysis test form. Initially, we note that the adequacy of the chain of custody raises a question of substantial evidence and we find that Supreme Court properly transferred this matter to this Court despite petitioner's argument to the contrary (*see Matter of Jackson v Smith*, 6 AD3d 1016, 1017 [2004], *lv denied* 3 NY3d 667 [2004]). Addressing petitioner's contention, we find it to be without merit. The correction officer who administered the second test testified that he did not physically handle the sample, but that it was placed in the testing machine by the correction officer who administered the first test. He stated that he merely programmed the machine, and then read and documented the test results. The request for urinalysis test form indicates that the correction officer who handled the sample during testing signed his name under the chain of custody. Insofar as the regulations only require those persons actually handling the sample to make a notation under the chain of custody (*see* 7 NYCRR 1020.4 [e] [1] [i]), we find that the sample was properly handled and the chain of custody was sufficiently established (*see e.g. Matter of Victor v Goord*, 309 AD2d 1026 [2003]).

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.