■ In the Matter of PERRY CROSBY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [833 NYS2d 674]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, the proceeding was properly transferred to this Court as his challenge to the chain of custody of the specimen raises a question of substantial evidence (see Matter of Cooper v Selsky, 20 AD3d 832, 833 [2005]). With regard to this claim, petitioner asserts that the wrong sample was tested inasmuch as the request for urinalysis form indicates that his urine specimen was destroyed on June 10, 2005 while the tests were conducted on June 13, 2005. However, this discrepancy was adequately explained by the testing officer who stated that he mistakenly wrote down June 10, 2005, instead of June 13, 2005, as the date the sample was destroyed (see e.g. Matter of Zippo v Goord, 2 AD3d 1006, 1006 [2003]). This testimony, together with the misbehavior report, positive urinalysis test results and related documentation, provide substantial evidence supporting the determination of guilt (see Matter of Van Dusen v Selsky, 14 AD3d 979 [2005]; Matter of Zippo v Goord, supra at 1006). Petitioner's remaining contentions, including his claim of hearing officer bias, have been considered and found to be without merit.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.