■ In the Matter of MARK HUGHES, Appellant, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Program, Respondent. [924 NYS2d 298]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 16, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

While petitioner was in line to enter the prison yard, a routine pat frisk disclosed two altered razor blades, a thin piece of metal, and marihuana in his pants pocket. As a result, he was charged in a misbehavior report with violating the prison disciplinary rule prohibiting smuggling, as well as those barring possession of weapons, altered items and drugs. Petitioner was found guilty as charged after a tier III disciplinary hearing and a penalty was imposed. His administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition following joinder of issue, and petitioner appeals.*

To the extent that petitioner challenges the factual underpinnings of the determination, we conclude that the misbehavior report, the positive drug test results, the related documentation and the testimony at the hearing provide substantial evidence of his guilt (*see Matter of Shepherd v Fischer*, 63 AD3d 1473, 1473 [2009]; *Matter of Davis v Prack*, 58 AD3d 977, 977 [2009]).

Contrary to petitioner's contention, the Hearing Officer properly refused to permit him to call three witnesses in support of his theory that the items had been planted upon him. At that point, petitioner had called seven witnesses, none of whom was aware that petitioner had been set up. Several of those witnesses had already testified that an opportunity existed to plant the items but denied knowing whether anyone had done so, and petitioner offered only speculation that the additional witnesses could add any new information. Under these circumstances, the Hearing Officer appropriately determined that their testimony would have been redundant (*see Matter of Graziano v Selsky*, 9 AD3d 752, 753 [2004]; *Matter of Fletcher v Selsky*, 199 AD2d 865, 865-866 [1993], *lv denied* 83 NY2d 753 [1994]).

---

* Although the petition can be read to raise a substantial evidence question and should have been transferred, we will consider the issue de novo and render judgment accordingly (*see Matter of Pettus v New York State Dept. of Correctional Servs.*, 73 AD3d 1411, 1411 n [2010])..

We have examined and are unpersuaded by petitioner's remaining claims.

Peters, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.