■ In the Matter of JAMES CURRY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [939 NYS2d 732]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for cocaine and opiates. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the positive urinalysis test results, related documentation and hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Geraci v Fischer, 63 AD3d 1467, 1468 [2009]; Matter of Smith v Dubray, 58 AD3d 968, 968 [2009]). Petitioner's claim that recently prescribed medication caused a false positive test result was contradicted by the testing correction officer who, after checking with the facility pharmacy, stated that petitioner had been off the medication long enough to avoid interference with the test results, thus presenting a credibility issue for the Hearing Officer to resolve (see Matter of Lunney v Selsky, 34 AD3d 955, 956 [2006], lv denied 8 NY3d 802 [2007]; Matter of Figueroa v Goord, 15 AD3d 705, 706 [2005]). Therefore, we find no reason to disturb the determination.

Rose, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.