■ In the Matter of DAVID COONS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [964 NYS2d 778]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After a sample of his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, together with the positive urinalysis test results and related documentation, as well as the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Curry v Fischer, 93 AD3d 984, 984 [2012]; Matter of Hart v Fischer, 89 AD3d 1357, 1357 [2011], lv denied 18 NY3d 808 [2012]). Although petitioner maintained that medications he was taking for a chronic health condition caused false positive test results, the testimony of a pharmacist and a physician familiar with petitioner's medications contradicted his claim. Accordingly, this presented an issue of credibility for the Hearing Officer to resolve (see Matter of Curry v Fischer, 93 AD3d at 984; Matter of Suggs v Miller, 22 AD3d 910, 910-911 [2005]). Moreover, contrary to petitioner's contention, the transcript does not reveal the existence of significant gaps that preclude meaningful review (see Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]; Matter of Wallace v Prack, 93 AD3d 1056, 1057 [2012]) and, upon listening to the tape recording of the disciplinary hearing, we are unpersuaded by petitioner's contention that the tape was defective or incomplete. We have considered petitioner's remaining arguments and find that they are either unpreserved or lacking in merit.

Peters, P.J., Stein, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.