■ In the Matter of TOMAS MUNIZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [974 NYS2d 667]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with drug use after his urine twice tested positive for buprenorphine. He was found guilty as charged following a tier III disciplinary hearing, and that determination was upheld in relevant part upon administrative review. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, testimony of the correction officer who tested petitioner's urine and authored the report, and the positive drug tests themselves provide substantial evidence to support the determination (*see Matter of Mannino v Fischer*, 102 AD3d 1032, 1032 [2013], *lv denied* 21 NY3d 855 [2013]; *Matter of Xao He Lu v New York State Dept. of Corrections*, 72 AD3d 1379, 1380 [2010]). Contrary to petitioner's contention, the officer's testimony further established that the testing equipment was calibrated and working properly when the tests were performed (*see Matter of Van*

*Dusen v Selsky*, 14 AD3d 979, 980 [2005]). Considering this officer's testimony, petitioner's request to call a representative of the manufacturer of the device was appropriately denied (*see Matter of Hill v Smith*, 73 AD3d 1418, 1419 [2010]; *Matter of Graziano v Selsky*, 9 AD3d 752, 753 [2004]).

Peters, P.J., Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.