*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014            518210
_____

In the Matter of LAVOGIA
    JACKSON,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Lavogia Jackson, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        Petitioner, a prison inmate, was selected randomly for drug
testing, and a sample of his urine twice tested positive for
cannabinoids.  As a result, petitioner was charged in a
misbehavior report with using a controlled substance and,
following a tier III disciplinary hearing, was found guilty.
That determination was affirmed upon administrative appeal, with
a reduction in the penalty.  Petitioner thereafter commenced this
CPLR article 78 proceeding.

        We confirm.  The misbehavior report, the results of two urinalysis tests and the testimony of the correction officer who performed the tests provide substantial evidence of petitioner's guilt (see Matter of Shepherd v Fischer, 111 AD3d 1213, 1213 [2013], lv denied 22 NY3d 864 [2014]).  With regard to petitioner's procedural claims, we find no error in the Hearing Officer's denial of his request to call a witness from the Albany Central Office to testify about the process for selecting inmates for drug testing.  The denial was based upon the fact that the random and automated computer process is immaterial to the issue of whether petitioner used drugs, and we agree that inmates are not entitled to this information (see Matter of Watson v New York State Dept. of Corr. & Community Supervision, 108 AD3d 817, 817-818 [2013], lv dismissed 22 NY3d 914 [2013], lv denied 23 NY3d 902 [2013]).  Similarly, petitioner was not deprived of an opportunity to submit relevant or mitigating documentary evidence pertaining to unrelated disciplinary charges involving the same testing officer.  Petitioner was permitted to question that officer at the hearing and to establish that he had been found not guilty of those charges, and the misbehavior report for that incident was not relevant to this charge (cf. Matter of Dennis v Bezio, 82 AD3d 1398, 1399 [2011]).  Petitioner's remaining claims have been reviewed and determined to be either unpreserved for our review or without merit.

        Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.


        ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court