*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519773
_____

In the Matter of JERARD
    WALKER,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____


Calendar Date:  May 5, 2015

Before:  Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ.

                        _____


        Jerard Walker, Romulus, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.


                        _____


        Appeal from a judgment of the Supreme Court (Platkin, J.), entered July 30, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        After his urine sample twice tested positive for the presence of cannibinoids, petitioner was charged with the unauthorized use of a controlled substance.  He was found guilty of that charge following a tier III disciplinary hearing and, other than a modification of the penalty imposed, the determination was upheld on administrative appeal.  Thereafter, petitioner commenced this CPLR article 78 proceeding.  Supreme

Court dismissed the petition and this appeal ensued.

Initially, we note that although petitioner's challenge to the sufficiency of the urinalysis test results raises an issue of substantial evidence and, therefore, the matter should have been transferred to this Court (see Matter of Crosby v Goord, 38 AD3d 1110, 1110 [2007]; Matter of Jackson v Smith, 6 AD3d 1016, 1017 [2004], lv denied 3 NY2d 667 [2004]), we will consider the issues de novo and render judgment accordingly (see Matter of Brooks v Unger, 110 AD3d 1122 n [2013]). The misbehavior report, results of the urinalysis tests and the testimony at the hearing provided substantial evidence to support the determination of guilt (see Matter of Bowen v Annucci, 122 AD3d 980, 980 [2014]; Matter of Jackson v Annucci, 121 AD3d 1483, 1483 [2014]). The alleged inconsistencies between the time of the second test performed and when the urine sample was destroyed were sufficiently explained through the testimony of the correction officer, which verified that proper testing procedures were followed (see Matter of Crosby v Goord, 38 AD3d at 1110; Matter of White v Selsky, 32 AD3d 1101, 1101 [2006]; Matter of Perez v Goord, 274 AD2d 706, 707 [2000]). Petitioner's remaining contentions, including that the Hearing Officer was biased, have been reviewed and found to be without merit.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court