*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521512
_____

In the Matter of HENRY BENITEZ,
                    Petitioner,

        v
                                            MEMORANDUM  AND  JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Mulvey, JJ.

_____

        Henry Benitez, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        After a sample of his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with using a controlled substance.  Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was later affirmed on administrative appeal.  Petitioner thereafter commenced this CPLR article 78 proceeding.

        Initially, we note that petitioner's challenge to the sufficiency of the urinalysis test results raises a question of

substantial evidence and, therefore, the matter was properly transferred to this Court (see Matter of Crosby v Goord, 38 AD3d 1110, 1110 [2007]).  Turning to the merits, the misbehavior report, positive urinalysis test results and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Williams v Prack, 130 AD3d 1123, 1123 [2015]; Matter of Walker v Annucci, 129 AD3d 1414, 1415 [2015]).  Petitioner's contentions that he did not provide a urine specimen because he suffers from shy bladder syndrome and that the correction officer who collected petitioner's specimen allegedly poured an unknown liquid substance into the container created credibility issues for the Hearing Officer to resolve (see Matter of Jones v Venettozzi, 114 AD3d 980, 981 [2014]; Matter of White v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853 [2013]).  Petitioner's claim that he was improperly denied a videotape of the production and collection of his specimen is without merit as the record reveals that no such videotape existed, and the Hearing Officer cannot be faulted for failing to produce a videotape that did not exist (see Matter of Hand v Gardner, 114 AD3d 988, 989 [2014]; Matter of Chavis v Goord, 58 AD3d 954, 955 [2009]).  Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

        Peters, P.J., McCarthy, Egan Jr., Devine and Mulvey, JJ., concur.


        ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court