# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 8, 2016                522104
_____

In the Matter of JAMES BOUTON,
                    Petitioner,

     v

                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____


Calendar Date:  October 25, 2016

Before:  Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ.


                        _____


        James Bouton, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.


                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a
controlled substance after a sample of his urine twice tested
positive for buprenorphine.  Following a tier III disciplinary
hearing, he was found guilty and the determination was affirmed
on administrative appeal with modified penalties.  This CPLR
article 78 proceeding ensued.

        We confirm.  The misbehavior report, positive urinalysis
test results and related documentation, as well as the hearing
testimony, provide substantial evidence to support the

determination of guilt (see Matter of Williams v Annucci, 134 AD3d 1378, 1378-1379 [2015], lv denied 27 NY3d 904 [2016]; Matter of Walker v Annucci, 129 AD3d 1414, 1415 [2015]).  Petitioner's claim that proper collection and testing procedures were not followed (see 7 NYCRR 1020.4) was refuted by the documentary evidence and the corroborating testimony of both the officer who collected the urine sample and the officer who tested it (see Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]; Matter of Davis v Selsky, 305 AD2d 835, 836 [2003]).  The officer who collected petitioner's sample explained that another officer entered on the request for urinalysis form the time that the sample was collected because the collecting officer was wearing gloves at that time.  Further, petitioner's contention that the notations on the request for urinalysis form and the refrigerator log book, which recorded the time that the sample was placed in the refrigerator by the collecting officer, were not written in the collecting officer's handwriting, thereby raising the question as to whether another officer may have handled the sample without signing the form, was contradicted by the unequivocal testimony of the collecting officer and the Hearing Officer's own handwriting analysis (see Matter of Christian v Venettozi, 114 AD3d 975, 975 [2014]; Matter of Logan v Fischer, 109 AD3d 1043, 1043 [2013], lv denied 22 NY3d 856 [2013]).  Finally, the hearing testimony established that the testing equipment was properly calibrated one day prior to the tests (see Matter of Muniz v Fischer, 111 AD3d 1044, 1044 [2013]).

We further reject petitioner's contention that he was improperly denied the right to call as a witness the officer who had assisted the collecting officer.  Petitioner sought the officer's testimony to support his assertion that this officer had made the time notations on the chain of custody forms without also signing them.  Given the evidence in the record, including the testimony of the collecting officer, the Hearing Officer's handwriting analysis and petitioner's acknowledgment at the hearing that the collecting officer left the room with the sample while the officer in question remained behind, we find petitioner's request to be based upon mere speculation and the officer's testimony would have been irrelevant (see Matter of White v Fischer, 85 AD3d 1483, 1484 [2011]; Matter of Hughes v Bezio, 84 AD3d 1598, 1598 [2011]; Matter of Graziano v Selsky, 9

AD3d 752, 753 [2004]).  Finally, there is nothing in the record to indicate that the Hearing Officer's determination flowed from any bias (see Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]; Matter of Wilson v Annucci, 138 AD3d 1335, 1335 [2016]). Petitioner's remaining claims, including that the modified penalties were excessive, have been considered and found to be without merit.

     Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.


     ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court