*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522269
_____

In the Matter of KENNETH SMITH,
                    Petitioner,

        v

DONALD VENETTOZZI, as Acting              MEMORANDUM AND JUDGMENT
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., McCarthy, Lynch, Mulvey and Aarons, JJ.

                    _____


        Kenneth Smith, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        Petitioner was ordered to submit a urine specimen for
testing, and it twice tested positive for the presence of
cannabinoids.  As a result, he was charged in a misbehavior
report with violating the disciplinary rule that prohibits the
use of controlled substances.  Following a tier III disciplinary
hearing, he was found guilty of the charge and the determination
was affirmed upon administrative appeal.  This CPLR article 78
proceeding ensued.

We confirm. The misbehavior report and testimony of its author who performed the tests, as well as the positive test results and related documents, provide substantial evidence supporting the determination of guilt (see Matter of Benitez v Annucci, 139 AD3d 1215, 1215 [2016]). A facility nurse who reviewed petitioner's medical records testified that, contrary to his claim, none of the medications that petitioner was taking at the time of the test would have produced a positive test result, creating a credibility question for the Hearing Officer to resolve (see Matter of Coons v Fischer, 106 AD3d 1302, 1303 [2013]). Any error in the testing officer contacting facility medical staff about petitioner's medications just before the hearing, rather than immediately after the positive test results, had no bearing on the outcome. As the nurse and testing officer testified, petitioner's request to call the officer who collected the specimen to testify about why facility medical staff were not contacted earlier was properly denied as irrelevant (see Matter of Jones v Fischer, 138 AD3d 1294, 1295 [2016]).

Petitioner claims that the reason for the urinalysis test was invalid and did not comply with 7 NYCRR 1020.4 (a). The request for urinalysis form stated that the request was based upon an "[o]ngoing investigation into drug activity inside [the] facility," although petitioner was told that it was based upon "suspicion," which was circled on the request form. However, petitioner agreed at the hearing that the reason given qualified it as a random drug test, which is permitted (see 7 NYCRR 1020.4 [a] [7]). Inasmuch as the Hearing Officer did not rely on confidential information, the circumstances leading to the test request were irrelevant (see Matter of Jackson v Annucci, 121 AD3d 1483, 1483 [2014]; Matter of Selah v LaValley, 117 AD3d 1261, 1261 [2014]; Matter of Land v Fischer, 100 AD3d 1170, 1170 [2012]). Further, petitioner's request to call the sergeant who requested the test was properly denied as his testimony was irrelevant (see Matter of Hyatt v Annucci, 141 AD3d 977, 978-979 [2016]). Petitioner's remaining claims, to the extent that they are preserved for our review, have been reviewed and determined to also lack merit.

Peters, P.J., McCarthy, Lynch, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court