*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522728
_____

In the Matter of WADE BRIGGS,
                        Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting          MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

                        _____


        Wade Briggs, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner, a prison inmate, was charged in a misbehavior report with drug use after his urine twice tested positive for THC.  Following a tier III disciplinary hearing, petitioner was found guilty, and that determination was affirmed upon administrative appeal with a modified penalty.  This CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, positive drug test results and related documentation provide substantial evidence to support the finding that petitioner had used drugs (see Matter of

Walker v Annucci, 129 AD3d 1414, 1415 [2015]; Matter of Merritt v Fischer, 108 AD3d 993, 994 [2013]).  Petitioner did not request that the author of the misbehavior report testify at the hearing, contrary to his contention, and the Hearing Officer was under no obligation to do so for him (see Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]; Matter of Hernandez v Selsky, 62 AD3d 1177, 1178 [2009]; Matter of Retamozzo v New York State Dept. of Correctional Servs., 31 AD3d 1083, 1084 [2006]).  Furthermore, the record demonstrates that petitioner was provided with all of the urinalysis testing documentation mandated by the pertinent regulations (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a]). Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court