Matter of Matthews v Annucci (2018 NY Slip Op 04806)





Matter of Matthews v Annucci


2018 NY Slip Op 04806


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of LUKE MATTHEWS, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 8, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Luke Matthews, Alden, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Following an investigation of suspected drug use within the correctional facility, petitioner was charged in a misbehavior report with using a controlled substance after his urine sample twice tested positive for the presence of buprenorphine. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Guadalupe v Venettozzi, 158 AD3d 883, 884 [2018]; Matter of Green v Annucci, 148 AD3d 1443, 1444 [2017], lv denied 29 NY3d 916 [2017]; Matter of Bouton v Annucci, 145 AD3d 1219, 1220 [2016]). Contrary to petitioner's contention, the documentary evidence and the corroborating testimony of both the correction officer who collected the urine sample and the correction officer who tested it establish that the proper collection and testing procedures were followed (see 7 NYCRR 1020.4; Matter of Bouton [*2]v Annucci, 145 AD3d at 1220; Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]). Further, a facility pharmacist who reviewed petitioner's medical records testified that, contrary to petitioner's claim, the medication that petitioner was taking at the time of the test was not an opiate and could not have produced a false positive test result, thereby creating a credibility question for the Hearing Officer to resolve (see Matter of Smith v Venettozzi, 145 AD3d 1277, 1277 [2016], lv denied 29 NY3d 910 [2017]; Matter of Coons v Fischer, 106 AD3d 1302, 1303 [2013]).
We also reject petitioner's contention that he was impermissibly denied his right to call as a witness an employee representative of the urinalysis equipment manufacturer. The record reflects that the Hearing Officer called the company, and the manufacturer informed the Hearing Officer that it would not provide an employee representative to testify at petitioner's hearing (see Matter of Streeter v Annucci, 145 AD3d 1300, 1301 [2016]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]). Contrary to his claim, petitioner was not entitled to a copy of the instruction manual for the testing equipment (see Matter of Morrishill v Prack, 120 AD3d 1474, 1474 [2014], lv granted 24 NY3d 914 [2015], appeal dismissed 25 NY3d 948 [2015]), and the record further establishes that petitioner was provided with all the relevant testing documentation that was required to be disclosed (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a] [1]; Matter of Smith v Prack, 138 AD3d at 1287; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]). Petitioner's additional claims that the Hearing Officer failed to independently assess the reliability of the confidential information reporting petitioner's suspected drug use and leading to the urinalysis, or permit him to question the confidential sources, are unpreserved for our review due to his failure to raise them at the hearing (see Matter of Shields v Prack, 133 AD3d 1025, 1026 [2015]). Petitioner's remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.