Matter of Brown v Venettozzi (2018 NY Slip Op 06308)





Matter of Brown v Venettozzi


2018 NY Slip Op 06308


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

526242

[*1]In the Matter of ROBERT BROWN, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: August 6, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Robert Brown, Alden, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with drug use after his urine twice tested positive for THC 50 (cannabinoids). Following a tier III disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. Upon administrative review, the determination was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Buggsward v Rodriguez, 160 AD3d 1320, 1320-1321 [2018]; Matter of Blunt v Annucci, 155 AD3d 1226, 1226 [2017]). Although the request for urinalysis test form stated that the request was based upon "suspicion," the Hearing Officer did not rely on confidential information, and the circumstances leading to the test request were therefore irrelevant (see Matter of Smith v Venettozzi, 145 AD3d 1277, 1278 [2016], lv denied 29 NY3d 910 [2017]; Matter of Selah v LaValley, 117 AD3d 1261, 1261-1262 [2014]). Petitioner's claim that the proper urinalysis drug testing procedures were not followed, and that the positive drug test results were therefore not reliable, have not been preserved for our review due to his failure to adequately raise this issue at the disciplinary hearing (see Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]; Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1473 n [2017]; Matter of Monje v Geoghegan, 108 AD3d 957, 957-958 [2013]). Finally, the record does not reveal that the Hearing Officer was biased or that the determination [*2]flowed from any alleged bias (see Matter of Buggsward v Rodriguez, 160 AD3d at 1321; Matter of Lyons v Annucci, 152 AD3d 1099, 1100 [2017]). Petitioner's remaining claims, to the extent that they are preserved for our review, have been reviewed and determined to also lack merit.
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.