■ In the Matter of DE SHAWN SMART, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [698 NYS2d 64] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from using controlled substances after two tests performed on a urine sample submitted by petitioner following a family reunion visit tested positive for the presence of cannabinoids. In our view, the misbehavior report, combined with the urinalysis packet and the testimony adduced at the hearing, constitute substantial evidence sup-

porting the charge of drug use (*see, Matter of Kussius v Walker*, 247 AD2d 911, 912). Contrary to petitioner's contention, the chain of custody regarding the applicable sample was sufficiently documented and a proper foundation was laid for the reliance on the positive test results. Any confusion regarding the dates that various samples were taken and tested before and after the family reunion visit was sufficiently explained during the hearing (*see, Matter of Frazier v Goord*, 251 AD2d 800, *lv denied* 92 NY2d 813), as was the clerical error as to one of the dates in the misbehavior report (*see, Matter of Rowe v Goord*, 257 AD2d 935).

Next, we reject petitioner's contention that the Hearing Officer, who was also the coordinator of the family reunion program, should have been disqualified from presiding over the matter by virtue of his tangential involvement in authorizing the testing of a sample of petitioner's urine, a mandatory incident of petitioner's involvement in the family reunion program (*see, Matter of Samuels v Goord*, 242 AD2d 841). In any event, despite petitioner's numerous allegations of bias, the record fails to support his claim that the outcome flowed from the alleged bias "rather than from the nature and quality of the evidence presented" (*Matter of Couch v Goord*, 255 AD2d 720, 722).

We have examined petitioner's remaining arguments, including his claims that an extension of the hearing was improperly given and that he was denied his right to call relevant witnesses, and find them to be unpersuasive.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.