■ In the Matter of ROBERT YARBROUGH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [749 NYS2d 908] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of cannibinoids. We reject petitioner's contention that the misbehavior report did not comply with the requirements of 7 NYCRR 251-3.1 because it was typewritten. Although the misbehavior report was a typewritten form, there is no requirement that it be handwritten (see generally Matter of Bryant v Coughlin, 77 NY2d 642). In any event, the correction officer who performed the tests on petitioner's urine specimen filled in

the specific information pertaining to petitioner and it was sufficient to allow petitioner to prepare a defense (*see Matter of Couch v Goord*, 255 AD2d 720). Similarly without merit is petitioner's challenge to the chain of custody. The testing form, corroborated by the testimony of the correction officer who performed the tests, sufficiently established an unbroken chain of custody (*see* 7 NYCRR 1020.4 [e]; *Matter of Holley v Goord*, 290 AD2d 769; *Matter of Smart v Goord*, 266 AD2d 606).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.