In the Matter of ANTHONY KITCHENS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [885 NYS2d 436]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with using controlled substances and violating temporary release program rules after a sample of his urine twice tested positive for the presence of opiates. He was found guilty of the charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the positive urinalysis test results and hearing testimony, constitute substantial evidence supporting the determination of guilt (*see Matter of Webb v Leclaire*, 52 AD3d 1131, 1132 [2008]; *Matter of Wolfgang v Goord*, 43 AD3d 1262, 1263 [2007]). Contrary to petitioner's claim, the validity of the test results was not undermined by the time discrepancy on the chain of custody portion of the request for urinalysis test form inasmuch as this clerical error was adequately explained by the correction officer who handled the sample (*see Matter of Harrison v Fischer*, 56 AD3d 917, 917 [2008]; *Matter of Smart v Goord*, 266 AD2d 606, 607 [1999]). Petitioner's claims regarding his request for documentation under the Freedom of Information Law are not properly before us given his failure to raise them in his petition.

Peters, J.P., Kane, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.