Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered May 9, 2017) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
 

 Memorandum: Petitioner commenced this proceeding seeking to annul a determination finding him guilty of violating inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv] [drug use]). Petitioner contends that the correction officer who performed the urinalysis did not comply with 7 NYCRR 1020.4 (f) (1) (iii) and respondent’s Directive No. 4937, both of which concern procedures to be followed in connection with such testing, and that such noncompliance requires annulment. We note at the outset that, “[b]ecause the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court” (Matter of Nieves v Goord, 262 AD2d 1042, 1042 [4th Dept 1999]). We nevertheless address the issue raised in the interest of judicial economy (see id.).
 

 We reject petitioner’s contention. According to petitioner, the documentation for the testing machine established that the testing officer failed to perform two of the required steps for daily maintenance of the urinalysis machine, as “recommended by the manufacturer for the operation of the testing apparatus” (7 NYCRR 1020.4 [f] [1] [iii]). That contention is based on the fact that the boxes on the maintenance checklist for those two items were not checked for the day the urinalysis was performed. Contrary to petitioner’s contention, however, “the hearing testimony established that this omission was a clerical error and the [daily] maintenance of the urinalysis testing machine was in fact performed” (Matter of Williams v Annucci, 141 AD3d 1062, 1063 [3d Dept 2016]; see Matter of Van Dusen v Selsky, 14 AD3d 979, 979-980 [3d Dept 2005]).
 

 Present— Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.