Matter of Snyder v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 00500)





Matter of Snyder v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 00500


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

524973

[*1]In the Matter of DARYL SNYDER, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Daryl Snyder, Napanoch, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
At the conclusion of a visit with his wife under the Family Reunion Program (hereinafter FRP), petitioner submitted a sample of his urine for testing. The sample was tested twice and returned positive results for the presence of THC, an active ingredient in marihuana. A urine sample that petitioner had given immediately preceding the FRP visit that was also tested returned a negative result for the presence of THC, leading correction officials to conclude that petitioner had ingested marihuana during the FRP visit. Consequently, he was charged in
a misbehavior report with using a controlled substance and violating FRP guidelines. Petitioner was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive test results and related documentation, together with the testimony of the correction officers who handled and tested the samples, provide substantial evidence supporting the determination of guilt (see Matter of Streeter v Annucci, 145 AD3d 1300, 1301 [2016]; Matter of Cotterell v Taylor-Stewart, 145 AD3d 1245, 1246 [2016]). We find no merit to petitioner's claim that the test results were inaccurate because one of the reagents used had expired before the post-visit sample was tested. Notably, the [*2]correction officer who tested the sample explained that she made a clerical error by entering the date that the reagent bottle was opened as the expiration date on the urinalysis procedure form, and that the actual expiration date was subsequent to the test, as indicated on the reagent bottle label (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Kitchens v Fischer, 65 AD3d 1431, 1432 [2009]). Likewise, although petitioner's test results also included those of another inmate, his claim of cross contamination is unpersuasive given the detailed testimony of the testing officer who confirmed that she independently tested the samples from each inmate one at a time. Contrary to petitioner's claim, upon reviewing the transcript of the disciplinary proceeding, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Safford v Annucci, 144 AD3d 1271, 1272-1273 [2016], lv denied 29 NY3d 901 [2017]; Matter of Bailey v Annucci, 142 AD3d 1195, 1196 [2016]). We have considered petitioner's remaining contentions and find that they are either unpreserved or are lacking in merit.
McCarthy, J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.