## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 14, 2016          521505
_____

In the Matter of JASON SMITH,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Peters, P.J., Garry, Lynch and Devine, JJ.

_____

        Jason Smith, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was ordered to submit a urine specimen for testing and it twice tested positive for the presence of K2, synthetic marihuana.  As a result, he was charged in a misbehavior report with using an intoxicant.  Following a tier III disciplinary hearing, he was found guilty and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We affirm. The misbehavior report, positive drug test results and related documentation provide substantial evidence to support the finding that petitioner had used synthetic marihuana, an intoxicant (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380 [2015]). With regard to petitioner's contention that he was not given adequate notice of the substance he was charged with ingesting, in that the misbehavior report describes the substance as "K2" whereas the laboratory results list it as "K-2," "K2" or "K2-2," the transcript of the hearing reflects that he was aware that these were all short-hand references to synthetic marihuana, the substance for which he twice tested positive.

Moreover, the record establishes that petitioner was provided with all of the testing documentation required to be disclosed (see 7 NYCRR 1020.4 [f] [1] [iv]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]). In addition, petitioner's employee assistant permitted him to review — although not retain — the requested documents that existed; although advised that they would be available at the hearing, he did not ask for additional time to review any of the documents at the hearing. Petitioner was granted an adjournment at the outset of the hearing in order to allow him to obtain employee assistance, and he has not demonstrated that he received inadequate assistance premised upon the assistant's refusal to allow him to retain the documents or on any other ground (see Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]). Likewise without merit is petitioner's contention that he was denied the right to call as a witness an employee from the Siemens Healthcare Diagnostic Company, the urinalysis equipment manufacturer. The documentary evidence establishes that the Hearing Officer contacted the company, which declined to provide an employee representative to testify at petitioner's hearing, and, accordingly, petitioner was not denied the conditional right to call witnesses (see 7 NYCRR 254.5; Matter of Texeira v Fischer, 26 NY3d 230, 233-235 [2015]; Matter of Broadie v Annucci, 131 AD3d 1324, 1325 [2015]). Finally, while the transcript contains recurring inaudible gaps, we find that it was not so incomplete as to preclude meaningful review (see Matter of Ramsey v Fischer, 93 AD3d 1000, 1002 [2012], lv dismissed 19 NY3d 955 [2012]). Petitioner's remaining claims are either unpreserved or lack merit.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court