*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    521918
_____

In the Matter of WENDELL BELLE,
                    Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:  May 3, 2016

Before:  McCarthy, J.P., Garry, Lynch, Mulvey and Aarons, JJ.

_____

        Wendell Belle, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was ordered to submit a urine specimen for testing, and it twice tested positive for the presence of K2, synthetic marihuana.  As a result, he was charged in a misbehavior report with violating the disciplinary rules that prohibit the use of a controlled substance or an intoxicant.  Following a tier III disciplinary hearing, petitioner was found guilty of using an intoxicant, and that determination was affirmed upon administrative appeal.  This CPLR article 78

proceeding ensued.

We confirm.  The misbehavior report, positive drug test results, related documentation and the hearing testimony provide substantial evidence to support the finding that petitioner had used synthetic marihuana, an intoxicant (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380 [2015]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]).  Petitioner's denial that he used an intoxicant presented a credibility issue for resolution by the Hearing Officer (see Matter of Rodriguez v Fischer, 120 AD3d 855, 855 [2014]).  In addition, although the specimen collection date was incorrect on the urinalysis test results form, the testing officer explained that this was a clerical error that did not affect or undermine the validity of the test results (see Matter of Green v Annucci, 134 AD3d 1376, 1377 [2015]; Matter of Sheard v Fischer, 107 AD3d 1261, 1261 [2013]).  We also conclude that the documentary evidence and hearing testimony establish that petitioner's urine sample was properly handled and that the testing procedures — including a check for cross-reactivity of petitioner's medications capable of producing false positive test results — were properly followed and that the test results were therefore reliable (see Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; Matter of Figueroa v Goord, 15 AD3d 705, 706 [2005]).  Finally, meaningful review is not precluded despite gaps in the hearing transcript (see Matter of Jenkins v Annucci, 136 AD3d 1093, 1094 [2016]).  We have reviewed petitioner's remaining contentions, including his claim that the Hearing Officer exhibited improper bias by denying his request to call as a witness an employee from the urinalysis equipment manufacturer (see Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]), and find them to be without merit.

McCarthy, J.P., Garry, Lynch, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court