*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 22, 2016                    522377
_____

In the Matter of JAMES BAXTON,
                    Petitioner,

            v                                  MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:    August 8, 2016

Before:    McCarthy, J.P., Egan Jr., Lynch, Rose and Mulvey, JJ.

_____

        James Baxton, Alden, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        After petitioner's urine twice tested positive for marihuana, he was charged in a misbehavior report with use of a controlled substance.  He was found guilty following a tier III disciplinary hearing and, as a penalty, the Hearing Officer restored a previously suspended 134-day sentence to the special housing unit.  That determination was affirmed on administrative appeal with a modified reduction of the penalty by 30 days, and

this CPLR article 78 proceeding ensued.[1]

We confirm.  Initially, we reject petitioner's contention that he was denied the opportunity to contact his attorney for assistance in preparing his defense.  Inmates "do not 'have a right to either retained or assigned counsel in disciplinary hearings'" (Matter of Jeckel v New York State Dept. of Corr., 111 AD3d 1180, 1180 [2013], quoting Wolff v McDonnell, 418 US 539, 564 [1974]).  Inmates are, however, "entitled to a reasonable opportunity to seek and receive the assistance of attorneys" (Matter of Jeckel v New York State Dept. of Corr., 111 AD3d at 1180 [internal quotation marks and citations omitted]).  The record reflects that the Hearing Officer adjourned the hearing twice, for a total of three weeks, in order to provide petitioner with the opportunity to speak to counsel, and petitioner failed to do so.  Under these circumstances, petitioner was provided a reasonable opportunity to seek the assistance of counsel.

We reject petitioner's contention that he was impermissibly denied his right to call as witnesses both an employee of the manufacturer of the urinalysis equipment and a certain inmate.  The manufacturer informed the Hearing Officer that it would not provide an employee representative to testify at petitioner's hearing (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]).  As to the inmate witness, petitioner requested this testimony to recount an incident that supports his contention that he was exposed to second-hand marihuana smoke.  Inasmuch as another inmate witness testified regarding this incident, the requested testimony would have been redundant (see Matter of Cobb v Yelich, 118 AD3d 1235, 1236 [2014]; Matter of Burr v Fischer, 95 AD3d 1538, 1538-1539 [2012], lv denied 19 NY3d 811 [2012]).  Finally, we are not persuaded that the penalty imposed was improper.

---

[1]  While the petition only raises procedural issues and should not have been transferred to this Court, we will retain jurisdiction in the interest of judicial economy (see Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 n [2013]).

McCarthy, J.P., Egan Jr., Lynch, Rose and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court