State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 10, 2016                    522502
_____

In the Matter of QUINCY WADE,
                        Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting                MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., McCarthy, Garry, Egan Jr. and Lynch, JJ.

_____

        Quincy Wade, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was ordered to submit a urine specimen for testing, and it twice tested positive for the presence of opiates.  As a result, he was charged in a misbehavior report with use of a controlled substance.  Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and that determination was affirmed upon administrative appeal with modified penalties.  This CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, positive drug test results, related documentation and the hearing testimony provide

substantial evidence to support the determination finding petitioner guilty of using a controlled substance (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380 [2015]; Matter of Green v Annucci, 134 AD3d 1376, 1376 [2015]).  Petitioner's denial that he used a controlled substance and that the specimen was from another inmate presented credibility issues for resolution by the Hearing Officer (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Green v Annucci, 134 AD3d at 1377).  Contrary to petitioner's contention, the chain of custody of the specimen was adequately established through the information contained on the request for urinalysis form and the testimony of the correction officer who collected and tested the specimen (see Matter of Martinez v Annucci, 134 AD3d at 1381; Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; see also 7 NYCRR 1020.5 [a]).  Furthermore, the record demonstrates that petitioner was provided with all of the urinalysis testing documentation mandated by the pertinent regulations (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a]) and that, consequently, a proper foundation was laid for the admission of the positive test results (see Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]; Matter of Neil v Fischer, 89 AD3d 1308, 1309 [2011], lv denied 18 NY3d 807 [2012]).

Petitioner's claim that he was denied adequate assistance because he was not provided with documentation that he requested is without merit, as the record establishes that petitioner was provided with copies of relevant documentation and afforded an opportunity to review the instruction manual for the testing equipment (see Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]; Matter of Jenkins v Annucci, 136 AD3d 1093, 1094 [2016]); in any event, petitioner has not demonstrated that he was prejudiced (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]).  Nor are we persuaded that petitioner was denied a fair and impartial hearing as there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Mullamphy v Fischer, 112 AD3d 1177, 1177 [2013]; Matter of Boatwright v McGinnis, 24 AD3d 1136, 1137 [2005]).  Petitioner's remaining claims are either unpreserved or without merit.

Peters, P.J., McCarthy, Garry, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court