*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016          522677
_____

In the Matter of JORY M. BALL,
                    Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Jory M. Ball, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was ordered to submit a urine specimen for testing, and it twice tested positive for the presence of buprenorphine, K2-2 synthetic cannabinoids and opiates.  He was accordingly charged in a misbehavior report with using a controlled substance and using an intoxicant and, following a tier III disciplinary hearing, was found guilty as charged.  The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, positive drug test results, related documentation and the hearing testimony provide

substantial evidence to support the determination finding petitioner guilty of using a controlled substance and an intoxicant (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380 [2015]; Matter of Green v Annucci, 134 AD3d 1376, 1376-1377 [2015]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]). Petitioner's denial that he used any controlled substance or intoxicant presented a credibility issue for resolution by the Hearing Officer (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Green v Annucci, 134 AD3d at 1377). The chain of custody of the specimen was adequately established through the information contained on the request for urinalysis form and the testimony of the correction officer who collected and tested the specimen (see Matter of Martinez v Annucci, 134 AD3d at 1381; Matter of Roman v Prack, 133 AD3d 959, 960 [2015]).

Turning to petitioner's procedural claims, the record establishes that petitioner was provided with the documentation to which he was entitled and was afforded an opportunity to review it (see 7 NYCRR 1020.4 [f] [1] [iv]; [2] [iii]; 1020.5 [a]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court