■ In the Matter of THEODORE SIMPSON, Petitioner, v A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [53 NYS3d 406]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During petitioner's visit with his wife in the prison visiting

room, she reported to two correction officers that petitioner had threatened her and that she wanted to leave. When a sergeant arrived, the wife reported that petitioner had threatened "to punch her in the heart to make her die" and had asked her to obtain painkillers from her doctor and bring them to him. Following a tier III disciplinary hearing, petitioner was found guilty of unauthorized possession of medication, making threats and violating facility visitation rules. The determination was upheld on administrative appeal, and petitioner thereafter commenced this CPLR article 78 proceeding.

The detailed misbehavior report outlining the incident, together with the testimony of its author who spoke to the wife and one of the officers to whom she initially reported the threat, provide substantial evidence to support the determination of guilt (*see Matter of Jones v Prack*, 114 AD3d 985, 985 [2014]). With regard to petitioner's argument that he never possessed the unauthorized medication, the testimony established that he had attempted to do so, and an attempt to violate institutional rules is "punishable to the same degree as violat[ions] of such rules" (7 NYCRR 270.3 [b]; *see Matter of Bottom v Annucci*, 26 NY3d 983, 986 [2015]). Petitioner's denial of the allegations and differing account of the incident as well as his claims of retaliation presented credibility issues for the Hearing Officer to resolve (*see Matter of Telesford v Annucci*, 145 AD3d 1304, 1305 [2016]; *Matter of Ball v Annucci*, 144 AD3d 1300, 1300 [2016]).

Contrary to petitioner's contention, we find that the misbehavior report was properly authored by the sergeant who, while not directly witnessing the incident, had "ascertained the facts of the incident" by investigating it and speaking to the officers involved and to the wife prior to writing the report (7 NYCRR 251-3.1 [b]; *see Matter of Harrison v Fischer*, 104 AD3d 1032, 1033 [2013]). Although petitioner also claims that he was denied adequate notice of the charges because he was not given a copy of his wife's written statement after the incident, we are not persuaded. The wife's written statement, which was kept confidential, was not inconsistent with the allegations in the misbehavior report regarding the incident, and the report was expressly based upon the wife's direct statements to correction officials, not upon her written statement (*see* 7 NYCRR 251-3.1 [c]). The Hearing Officer did not expressly rely on the written statement in making the determination, and petitioner has not demonstrated that he was prejudiced or deprived of due pro-

cess. Finally, while there are recurring gaps in the transcript, we do not find that they are so substantial as to preclude meaningful judicial review (*see Matter of Belle v Prack*, 140 AD3d 1509, 1510 [2016]). Petitioner's remaining claims have been examined and, to the extent that they are preserved for our review, have been found to be lacking in merit.

Peters, P.J., McCarthy, Egan Jr., Rose and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.