Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
 

 Petitioner was charged in a misbehavior report with using a controlled substance and being under the influence of an intoxicant after his urine sample twice tested positive for the presence of cannibinoids and synthetic cannibinoids. After a tier III disciplinary hearing, petitioner was found guilty of using a controlled substance. The determination was upheld on administrative review, with the penalty modified. This CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, hearing testimony, positive urinalysis test results for cannibinoids and synthetic can-nibinoids and related documentation provide substantial evidence supporting the determination of guilt (see Matter of Cotterell v Taylor-Stewart, 145 AD3d 1245, 1246 [2016]; Matter of Jones v Fischer, 138 AD3d 1294, 1295 [2016]). Contrary to petitioner’s claim, the requirements of 7 NYCRR 1020.4 (f) (2) (iii) and 1020.5 (a) (2), which pertain to tests performed by outside laboratories, are inapplicable here, as the urinalysis tests were performed at the facility in which petitioner is incarcerated. Moreover, the correction officer who performed the urinalysis tests was not required to testify given that petitioner did not request him as a witness (see Matter of Hernandez v Selsky, 62 AD3d 1177, 1178 [2009]).
 

 Further, the chain of custody of the specimen was adequately established by the information contained on the request for urinalysis form; the form need not specify the location of the sample in the testing area at each moment during the testing procedure (see Matter of Martinez v Annucci, 134 AD3d 1380, 1381 [2015]; Matter of Feliciano v Selsky, 17 AD3d 951, 952 [2005]). While petitioner correctly contends that the test number used on the request for urinalysis form is not used on the urinalysis procedure forms, the procedure forms identify petitioner as the test subject by his name and identification number, leaving no doubt that the tests referred to his urine sample.
 

 Next, the record reveals that petitioner was provided with all of the documentation regarding the urinalysis test that the relevant regulations require (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a] [1]; Matter of Jones v Venettozzi, 114 AD3d 980, 981 [2014]), and the denials of petitioner’s specific requests for additional documentation related to the urinalysis testing did not deprive him of due process (see Matter of Anderson v Prack, 111 AD3d 1214, 1214 [2013]; Matter of Davis v Goord, 268 AD2d 932, 932-933 [2000], lv denied 95 NY2d 751 [2000]). Petitioner’s contention that he was denied the right to call as a witness an employee of the company that manufactures the urinalysis test is without merit, given that, as the Hearing Officer explained, the company had a blanket policy that its employees would not testify at such hearings (see Matter of Streeter v Annucci, 145 AD3d 1300, 1301 [2016]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]).
 

 Petitioner was not denied the opportunity to contact an attorney to prepare his defense. The Hearing Officer provided more than a month worth of adjournments, in part due to petitioner’s request for further opportunity to contact his retained counsel, during which time petitioner corresponded with but did not meet with his counsel. Although petitioner’s attorney did not provide further correspondence or visit petitioner, the record reveals that the Hearing Officer provided him a reasonable opportunity to seek and receive the assistance of that attorney (see Matter of Baxton v Annucci, 142 AD3d 1235, 1236 [2016]). Moreover, any inadequacy by petitioner’s employee assistant in acquiring his requested evidence was remedied at the hearing by the Hearing Officer, who obtained for petitioner the evidence requested that he was entitled to receive. Accordingly, petitioner has failed to demonstrate any prejudice (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]; Matter of Washington v Fischer, 85 AD3d 1484, 1484-1485 [2011]). Finally, as any video of the alleged interaction between petitioner and a correction officer that preceded the officer requiring the urinalysis tests would not have aided petitioner in refuting the results of the urinalysis tests, we reject petitioner’s contention that he is entitled to relief because he was denied that video (see generally Matter of Berrian v Goord, 288 AD2d 670, 671 [2001]). Petitioner’s remaining contentions have been examined and are without merit.
 

 Garry, J.P., Egan Jr., Rose, Mulvey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.