Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
 

 Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Lyons v Annucci, 152 AD3d 1099, 1100 [2017]; Matter of Green v Annucci, 148 AD3d 1443, 1444 [2017], lv denied 29 NY3d 916 [2017]; Matter of Bouton v Annucci, 145 AD3d 1219, 1220 [2016]). Contrary to petitioner’s claim, the chain of custody of his urine sample was adequately established by the information contained on the request for urinalysis form and the testimony of the correction officer who conducted both tests of the sample (see Matter of Lyons v Annucci, 152 AD3d at 1100; Matter of Ball v Annucci, 144 AD3d 1300, 1300 [2016]). Although the testing officer’s signature did not appear on the bottom of the form containing the second test result, the officer testified that she conducted the test and that this omission was an inadvertent clerical error (see Matter of Williams v Annucci, 141 AD3d 1062, 1063 [2016]; see also Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]). Moreover, to the extent that petitioner’s maintains that his urine sample was tampered with and that the misbehavior report was written in retaliation for complaints that he filed against prison officials, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Green v Annucci, 148 AD3d at 1444; Matter of Marino v New York State Dept. of Correctional Servs., 41 AD3d 1004, 1005 [2007], appeal dismissed, lv denied 9 NY3d 940 [2007]). Furthermore, upon reviewing the record, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Green v Annucci, 148 AD3d at 1444; Matter of Bouton v Annucci, 145 AD3d at 1221). We have considered petitioner’s many remaining contentions and find that they have either not been preserved for our review or are lacking in merit.
 

 McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.