■ In the Matter of MOHD MUHAMMAD, Petitioner, v PAUL M. GONYEA, as Superintendent of Mohawk Correctional Facility, Respondent. [65 NYS3d 466]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with smoking and possessing authorized property in an unauthorized area. According to the report, a correction officer smelled smoke coming from inside an inmate bathroom. Petitioner was observed exiting the bathroom and was ordered to empty his pockets, revealing a cigarette lighter and three cigarettes. Following a tier II disciplinary hearing, petitioner was found not guilty of smoking, but guilty of the remaining charge. This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

---

We confirm. The misbehavior report and the hearing testimony provide substantial evidence supporting the determination of guilt (*see Matter of Vega v Prack*, 141 AD3d 1059, 1060 [2016]; *Matter of Shepherd v Commissioner of Corr. & Community Supervision*, 123 AD3d 1283, 1283 [2014]). Petitioner's contention that he was unaware that he was not authorized to have the items in the bathroom is belied by his admission at the hearing that he knew the items were unauthorized in that area and had forgotten that they were in his pocket. We note that, even assuming that petitioner unintentionally carried the items into the bathroom, the rule that he violated "applies regardless of [his] intent" (*Matter of Bottom v Annucci*, 26 NY3d 983, 986 [2015]).

Peters, P.J., Garry, Devine, Mulvey and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.