Matter of Thomas v Annucci (2018 NY Slip Op 00592)





Matter of Thomas v Annucci


2018 NY Slip Op 00592


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525053

[*1]In the Matter of VERNON THOMAS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Vernon Thomas, Attica, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with being under the influence of an intoxicant and interfering with an employee. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. Upon administrative review, the charge of interfering with an employee was dismissed, but the penalty was left undisturbed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The detailed misbehavior report, the testimony
of its author and petitioner's admission that he was intoxicated provide substantial evidence to support the determination of guilt (see Matter of Freeman v Annucci, 151 AD3d 1509, 1510 [2017]; Matter of Pasley v Venettozzi, 148 AD3d 1380, 1381 [2017]). To the extent that petitioner argues that his intoxication was inadvertent, we note that petitioner's intent — or lack thereof — does not negate his violation of the subject rule (see Matter of Bottom v Annucci, 26 NY3d 983, 986 [2015]; Matter of Muhammad v Gonyea, ___ AD3d ___, ___, 2017 NY Slip Op 08763, *1 [2017]). Similarly, petitioner's assertion that he became intoxicated from smoking a cigarette given to him by another inmate — rather than from the alcohol that admittedly was stored in his cell — presented a credibility issue for the Hearing Officer to resolve (see generally Matter of Ball v Annucci, 144 AD3d 1300, 1300 [2016]; Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]).
Petitioner's due process arguments are equally unavailing. The Hearing Officer accepted petitioner's claim that he tested negative for drugs as per the facility urinalysis report, [*2]thereby obviating the need for the report itself. Additionally, the toxicology report generated by the outside hospital was not available at the time of the hearing, and such report, even if favorable to petitioner, would not alter petitioner's admission that he was intoxicated. Petitioner did not request any other documentary evidence, and we are satisfied that he was provided with all reports relevant to the sustained charge (see Matter of Jones v Fischer, 138 AD3d 1294, 1295 [2016]). Petitioner's remaining contentions, including his assertions that he received inadequate employee assistance and that this proceeding should not have been transferred to this Court, have been examined and found to be lacking in merit.
Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.