Matter of Ramos v Annucci (2018 NY Slip Op 01531)





Matter of Ramos v Annucci


2018 NY Slip Op 01531


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525302

[*1]In the Matter of JULIO RAMOS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Julio Ramos, Stormville, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with drug use after his urine twice tested positive for THC 50. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. Upon administrative review, the penalty was modified but the determination otherwise was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report and the testimony of its author, together with the positive urinalysis test results
and the related documentation, constitute substantial evidence to support the finding of guilt (see Matter of Blunt v Annucci, 155 AD3d 1226, 1226 [2017], appeal dismissed and lv denied ___ NY3d ___ [Feb. 13, 2018]; Matter of Shepherd v Annucci, 153 AD3d 1495, 1496 [2017]). While a date discrepancy indeed existed in the chain of custody section of the request for urinalysis test form, the correction officer who performed the test explained that this was a clerical error and confirmed that the actual testing dates and times were accurate (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Green v Annucci, 134 AD3d 1376, 1377 [2015]). Accordingly, petitioner's challenge to the chain of custody is unpersuasive (see Matter of Blunt v Annucci, 155 AD3d at 1226-1227; Matter of Lyons v Annucci, 152 AD3d 1099, 1100 [*2][2017]).
McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.