Matter of Marhone v Venettozzi (2018 NY Slip Op 01524)





Matter of Marhone v Venettozzi


2018 NY Slip Op 01524


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525113

[*1]In the Matter of CONRAD MARHONE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Pritzker, JJ.


Conrad Marhone, Auburn, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Owen Demuth of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
During a search of petitioner's cell, a correction officer found five homemade weapons secreted inside a hollowed out bedpost. As a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting inmates from possessing a weapon. The initial disposition finding petitioner guilty of this charge was administratively reversed and a rehearing was ordered. At the conclusion of the
rehearing, petitioner was again found guilty of the charge. The determination was later upheld on administrative appeal with a modified penalty. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination.[FN1]
We confirm. Initially, we reject petitioner's claim that he was improperly denied the testimony of a correction sergeant whose name appeared on the photocard of the weapons that were recovered. The relevancy of his testimony is questionable given the evidence indicating that the sergeant's name appeared on the card in error, he was not the individual who photographed the weapons and he did not witness the search of petitioner's cell (see Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]). In any event, the sergeant had retired from service and refused to appear as a witness despite the Hearing Officer's diligent efforts to secure his testimony (see Matter of Smythe v Fischer, 101 AD3d 1280, 1281 [2012], lv denied 20 NY3d 861 [2013]). As for petitioner's contention that the Hearing Officer denied him a fair and impartial hearing, we have conducted a thorough review of the record and find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Wade v Annucci, 144 AD3d 1294, 1295 [2016]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]). We have considered petitioner's remaining contentions, including his claim that his defense was prejudiced by the lapse of time between the preparation of the misbehavior report and the conclusion of the rehearing, and find them to be unavailing.
Garry, P.J., McCarthy, Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although the petition did not raise the issue of substantial evidence and the proceeding was therefore improperly transferred, we retain jurisdiction and address petitioner's claims in the interest of judicial economy (see Matter of Reyes v Annucci, 150 AD3d 1373, 1374 n [2017], lv denied 29 NY3d 918 [2017]).