Matter of Maldonado v Venettozzi (2018 NY Slip Op 02533)





Matter of Maldonado v Venettozzi


2018 NY Slip Op 02533


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525699

[*1]In the Matter of ANGEL MALDONADO, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Angel Maldonado, Stormville, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling, possessing unauthorized medication and exchanging a narcotic. According to the report, petitioner was observed passing a bag of pills to a fellow inmate. When a correction officer questioned the inmates, the other inmate threw the bag on the floor and it was recovered by the officer. The pills were later identified by a facility nurse as the prescription
medication neurontin. Following a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, the Attorney General concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of exchanging a narcotic. Accordingly, we annul that part of the determination and, given that petitioner has already served the penalty, which did not include a loss of good time, the matter need not be remitted for a redetermination thereof (see Matter of Dushain v Annucci, 152 AD3d 1120, 1121 [2017]; Matter [*2]of McBride v Annucci, 142 AD3d 1218, 1219 [2016]).
As to the remaining charges, the misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Muhammad v Gonyea, 156 AD3d 1068, 1069 [2017]; Matter of Taylor v Lee, 152 AD3d 1125, 1126 [2017]). The different account of the incident offered by petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of King v Annucci, 155 AD3d 1145, 1145 [2017]; Matter of Tigner v Annucci, 147 AD3d 1138, 1139 [2017]).
McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of exchanging a narcotic; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.