Matter of Morales v Venettozzi (2018 NY Slip Op 05546)





Matter of Morales v Venettozzi


2018 NY Slip Op 05546


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of ELQUIADES MORALES,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 11, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


 Elquiades Morales, Cape Vincent, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After his urine twice tested positive for the presence of buprenorphine, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of that charge following a tier III disciplinary hearing and the determination was later affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the hearing testimony of the correction officer who tested the sample, provide substantial evidence supporting the determination of guilt (see Matter of Guadalupe v Venettozzi, 158 AD3d 883, 884 [2018]; Matter of Bouton v Annucci, 145 AD3d 1219, 1220 [2016]). Contrary to petitioner's contention, the information contained on the request for urinalysis form and the testimony of the correction officer who collected and tested the sample established a proper chain of custody of the sample, including during the delay in testing caused by a problem with the testing equipment (see Matter of Buggsward v Rodriguez, 160 AD3d 1320, 1321 [2018]; Matter of Shepherd v Annucci, 153 AD3d 1495, 1496 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]). Further, the record establishes that petitioner was provided with all of the mandated urinalysis testing documentation (see 7 NYCRR 1020.4 [f] [1] [4]; 1020.5 [a]) and, therefore, a proper foundation was laid for the admission of the positive test results (see Matter of Wade v Annucci, 144 AD3d 1294, 1295 [2016]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]). Finally, despite recurring inaudible gaps, [*2]"we find that the hearing transcript, together with the audiotape of the hearing, are sufficient for meaningful review" (Matter of Wilson v Venettozzi, 160 AD3d 1307, 1307 [2018]; see Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). Petitioner's remaining contentions, including that the Hearing Officer was biased, have been considered and found to be without merit.
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.