Matter of Carter v Annucci (2018 NY Slip Op 07508)





Matter of Carter v Annucci


2018 NY Slip Op 07508


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of SHEM CARTER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Shem Carter, Napanoch, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
After a sample of his urine twice tested positive for the presence of THC 50, petitioner was charged in a misbehavior report with using a controlled substance. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and that determination was upheld on administrative review. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report, the positive urinalysis test results and the related documentation and the testimony adduced at the hearing constitute substantial evidence to support the determination of guilt (see Matter of Harriott v Annucci, 131 AD3d 754, 754 [2015], lv dismissed 27 NY3d 1028 [2016]; Matter of Thompson v Goord, 37 AD3d 914, 914 [2007]; Matter of Davis v Goord, 8 AD3d 854, 855 [2004]). Further, the record establishes that petitioner was provided with all of the mandated urinalysis testing documentation (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a]) and, therefore, a proper foundation was laid for the admission of the positive test results (see Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]; Matter of Wade v Annucci, 144 AD3d 1294, 1295 [2016]).
We also reject petitioner's argument that he was improperly denied the right to call as a witness a representative from the company that manufactured the urinalysis testing equipment. Given that a correction officer familiar with the testing equipment testified that it is not unusual for the numerical positive test results to vary from the first to the second test and that the numerical results were qualitative and not quantitative, calling a representative from the company that manufactured the urinalysis testing equipment to provide further testimony on this issue [*2]would have been irrelevant or redundant (see Matter of Muniz v Fischer, 111 AD3d 1044, 1045 [2013]; Matter of Graziano v Selsky, 9 AD3d 752, 753 [2004]; cf. Matter of Shepherd v Annucci, 153 AD3d 1495, 1497 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]; Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]).
Finally, petitioner challenges the denial of a request for certain documentation that he made pursuant to the Freedom of Information Law (see Public Officers Law art 6). Inasmuch as there is no indication in the record that petitioner has exhausted his administrative remedies with respect thereto, our review of the issue is precluded (see Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]; Matter of Harriott v Annucci, 131 AD3d at 754). Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.