Matter of McKanney v Annucci (2019 NY Slip Op 01868)





Matter of McKanney v Annucci


2019 NY Slip Op 01868


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526741

[*1]In the Matter of MALIK McKANNEY, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Clark, Devine, Aarons and Pritzker, JJ.


Malik McKanney, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with drug use after his urine twice tested positive for THC. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. Upon administrative review, the determination was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report, positive EMIT test results and related documentation, together with the hearing testimony of the correction officer who tested the sample, provide substantial evidence supporting the determination of guilt (see Matter of Hernandez v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1206, 1206 [2018]; Matter of Scott v Venettozzi, 166 AD3d 1183, 1184 [2018]; Matter of Ramos v Annucci, 159 AD3d 1185, 1185 [2018]). Petitioner's denial that he used a controlled substance presented a credibility issue for the Hearing Officer to resolve (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]). Contrary to petitioner's claim, the chain of custody of his urine sample was adequately established by the information contained on the request for urinalysis form and the testimony of the correction officer who conducted both tests of the sample (see Matter of Ramos v Annucci, 159 AD3d at 1185; Matter of Blunt v Annucci, 155 AD3d 1226, 1226-1227 [2017]). Although the request for urinalysis form reflects that the urine specimen was returned to the freezer after it was tested, the testing officer explained that this was an inadvertent clerical error inasmuch as he personally disposed of the specimen following the testing (see Matter of Blunt v Annucci, 155 AD3d at 1226-1227; Matter of Williams v Annucci, 141 AD3d 1062, 1063 [2016]). Furthermore, inasmuch as the determination of guilt was not based upon any confidential information, the circumstances that resulted in the drug test were irrelevant, and it [*2]was unnecessary for the Hearing Officer to assess the credibility of the information (see Matter of Smith v Venettozzi, 145 AD3d 1277, 1278 [2016], lv denied 29 NY3d 910 [2017]; Matter of Selah v LaValley, 117 AD3d 1261, 1261-1262 [2014]).
Petitioner's claim that he was improperly denied documentary evidence is without merit. The record establishes that petitioner was given, in addition to the required testing and related documentation, his requested documentation that existed, namely, the redacted portions of the freezer log, urine testing log and maintenance checklist. Accordingly, he was not deprived of the right to present relevant and nonredundant documentary evidence in his defense (see 7 NYCRR 254.6 [a] [3]; Matter of Ocasio v Bullis, 162 AD3d 1424, 1425 [2018]). In addition, the record reflects that the hearing was held in a fair and impartial manner, and there is nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Mays v Early, 161 AD3d 1412, 1413 [2018]). To the extent that petitioner's remaining contentions are properly before us, they have been reviewed and found to be without merit.
Garry, P.J., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.