Matter of Ayuso v Venettozzi (2019 NY Slip Op 02190)





Matter of Ayuso v Venettozzi


2019 NY Slip Op 02190


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526782

[*1]In the Matter of MARCUS AYUSO, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: February 8, 2019

Before: Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Marcus Ayuso, Otisville, petitioner pro se.
Letitia James, Attorney General, Albany (Robyn P. Ryan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After his urine twice tested positive for the presence of buprenorphine during a random drug test, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of that charge following a tier III disciplinary hearing, and the determination was later affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive EMIT test results and related documentation, together with the hearing testimony of the correction officer who tested the sample, provide substantial evidence supporting the determination of guilt (see Matter of Hernandez v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1206, 1206 [2018]; Matter of Scott v Venettozzi, 166 AD3d 1183, 1184 [2018]; Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]). Petitioner's denial that he used a controlled substance presented a credibility issue for the Hearing Officer to resolve (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]). Although the reagent expiration dates listed on the urinalysis procedure forms indicated that the test's reagents had expired, the correction officer who performed the test explained that this was a clerical error and confirmed that the actual expiration date had not passed (see Matter of Ramos v Annucci, 159 AD3d 1185, 1185-1186 [2018]). Similarly, although the testing officer's signature did not appear on the bottom of the form containing the second test result, the officer testified that he conducted the test and that this omission was also an inadvertent clerical error (see Matter of Blunt v Annucci, 155 AD3d 1226, 1226-1227 [2017]; Matter of Williams v Annucci, 141 AD3d 1062, 1063 [2016]). Moreover, the officer conducting the EMIT tests was not required to refrigerate the urine sample during the 12 [*2]minutes that elapsed between the two tests (see 7 NYCRR 1020.4 [f] [1] [ii]; cf. Matter of Lyons v Annucci, 152 AD3d 1099, 1100 [2017]; Matter of Peterson v Goord, 268 AD2d 739, 739 [2000]; see also Dept of Corr & Community Supervision former Directive No. 4937 [IV] [G] [1]; Appendix C [Oct. 22, 2014]). Accordingly, petitioner's contention regarding the chain of custody is unpersuasive (see Matter of Ramos v Annucci, 159 AD3d at 1185-1186; Matter of Blunt v Annucci, 155 AD3d at 1226-1227; Matter of Belle v Prack, 140 AD3d at 1510).
Petitioner's claim regarding the alleged delay in conducting the hearing lacks merit, as a one-day extension was timely requested and granted due to the unavailability of the Hearing Officer, and the hearing was commenced by the date set forth in the extension (see 7 NYCRR 251-5.1 [a]; Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209 [2018]). Moreover, contrary to petitioner's contention, the applicable regulations do not require that an inmate be given advance notice of the reason for a request for an adjournment or extension prior to the hearing (see 7 NYCRR 251-5.1 [b]; Matter of Young v Coughlin, 144 AD2d 753, 753 [1988], lv dismissed 74 NY2d 625 [1989]). As to petitioner's inadequate employee assistance claim, an inmate does not have a constitutional due process right to the selection of a particular person as his or her employee assistant (see Matter of Grigger v Goord, 288 AD2d 892, 892 [2001], lv denied 97 NY2d 610 [2002]; Matter of Scott v Kelly, 143 AD2d 540, 540 [1988], lv denied 73 NY2d 705 [1989]), and, in any event, the record reflects that petitioner received meaningful assistance and failed to demonstrate any prejudice flowing from the alleged deficiencies (see e.g. Matter of Scott v Annucci, 164 AD3d 1553, 1554 [2018]). Finally, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [2018]). Petitioner's remaining claims have been examined and, to the extent that they are preserved, we find that they lack merit.
Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.