Matter of Rodriguez v Superintendent of Ulster Corr. Facility (2021 NY Slip Op 05156)





Matter of Rodriguez v Superintendent of Ulster Corr. Facility


2021 NY Slip Op 05156


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

533040
[*1]In the Matter of Michael Rodriguez, Petitioner,
v
Superintendent of Ulster Correctional Facility, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Michael Rodriguez, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
A correction officer observed petitioner stumbling to his cell with his eyes rolled back, and petitioner appeared confused, mumbled incoherently and did not respond to the correction officer's inquiry. Petitioner was then brought to the infirmary, where a registered nurse examined him and observed that petitioner had dilated pupils, a high unlabored pulse and heart rate, and slow, mumbled speech. Based upon the nurse's observations and experience, she concluded that petitioner had been under the influence of an intoxicant. As a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting inmates from being under the influence of an intoxicant. Following a tier II disciplinary hearing, petitioner was found guilty as charged. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, which was endorsed by the nurse who examined petitioner and concluded that petitioner was under the influence of some type of an intoxicant, and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Simmons v Venettozzi, 153 AD3d 1016, 1016 [2017]; Matter of Vargus v Annucci, 147 AD3d 1124, 1125 [2017]; Matter of Panek v Goord, 23 AD3d 966, 967 [2005], lv denied 6 NY3d 709 [2006]). Moreover, "[t]he absence of positive urinalysis test results is not dispositive here" (Matter of Simmons v Venettozzi, 153 AD3d at 1016; see Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [2019]; Matter of Vargus v Annucci, 147 AD3d at 1124; Matter of Panek v Goord, 23 AD3d at 967). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.