Matter of D'Andrea v Annucci (2022 NY Slip Op 06213)

Matter of D'Andrea v Annucci

2022 NY Slip Op 06213

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

535308
[*1]In the Matter of Robert D'Andrea, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 7, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Robert D'Andrea, Beacon, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Fishkill Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was discovered in the facility library lying on the floor and unresponsive. Petitioner was subsequently transported to a regional medical unit where it was determined that petitioner was under the influence of an intoxicant. As a result, petitioner was charged in a misbehavior report with violating the disciplinary rule that prohibits the use of an intoxicant. Following a tier II disciplinary hearing, petitioner was found guilty of using an intoxicant, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related medical documentation and hearing testimony provide substantial evidence to support the determination finding petitioner guilty of using an intoxicant (see Matter of Grate v Annucci,152 AD3d 1127, 1127 [3d Dept 2017]; Matter of Vargus v Annucci, 147 AD3d 1124, 1124-1125 [3d Dept 2017]). "Moreover, the absence of positive urinalysis test results is not dispositive here" because the charge was based upon the observations set forth in the misbehavior report and not any scientific testing results (Matter of Rodriguez v Superintendent of Ulster Corr. Facility, 197 AD3d 1494, 1495 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Simmons v Venettozzi, 153 AD3d 1016, 1016 [3d Dept 2017]). Petitioner's denial that he used an intoxicant and contention that he was found unresponsive because he was assaulted presented credibility issues for resolution by the Hearing Officer (see Matter of Meadows v Rockwood, 198 AD3d 1174, 1174 [3d Dept 2021]; Matter of Ball v Annucci, 144 AD3d 1300, 1300 [3d Dept 2016]). To the extent that petitioner's remaining contentions are properly before us, they have been reviewed and lack merit.
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.